UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DULCE GARCIA,

                Plaintiff,

-v-

THE COMPREHENSIVE CENTER, LLC, et al.,

                Defendants.

17-CV-8970 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiff Dulce Garcia brought this action alleging employment discrimination, retaliation, and other related claims against Defendants Comprehensive Center, LLC; Comprehensive Staffing Solutions, LLC; Grand Street Medicine & Rehabilitation; Comprehensive Evaluation Services, PT, OT, SLP, LMSW, Psychology, PLCC; New York's Comprehensive Home Care Services, LLC; Nathan Sklar; and Victor Robbins. Defendants were all served by January 31, 2018. (Dkt. Nos. 15, 17, 18, 19, 20, 21.) None of the Defendants filed an answer or otherwise appeared. Garcia now moves for default judgment against each Defendant, with the exception of Defendant Robbins. For the reasons that follow, the motion is granted in part and denied in part.

**I.    Background**

The following facts are from the complaint and are taken as true because Defendants have defaulted, as explained below.

Defendants hired Dulce Garcia as a receptionist in March 2003. (Dkt. No. 1 ("Compl.") at ¶ 14.) Over the next fourteen years, Garcia was promoted twice, first to Office Manager and then to Director of Purchasing. (*Id.* at ¶15.) In March 2017, Garcia quit her job. (*Id.* at ¶ 36.)

1

For the last two years of her employment, Garcia suffered increasingly abusive treatment from Defendant Sklar. (*Id.* at ¶18.) During a meeting in February 2015, in responding to a comment by Garcia, Sklar referred to her "Spanish, low class mentality." (*Id.* at ¶17.) In September, he called Garcia a "spic" and a "parasite." (*Id.* at ¶ 21.) In April 2016, Sklar slammed Garcia's laptop closed on her fingers, punched her in the face, and dragged her into his office by the collar of her shirt. (*Id.* at ¶ 22.)

Garcia also experienced differential treatment relating to her pay. For example, in December 2016, Garcia began to receive her paycheck two weeks late. (*Id.* at ¶ 25.) The rest of her coworkers continued to receive timely payments. Meanwhile, Sklar told Garcia, "I am paying you too much, you are not worth what I am paying you, especially at your age. No company is going to pay you what you're making here. I could get someone for less who is younger." (*Id.* at ¶ 26.) He also told her, "[Y]ou're incompetent," and "[Y]ou're bad for my company." (*Id.*)

On January 11, 2017, Sklar again told Garcia that she was "not worth what I'm paying you, especially at your age. I could get an office manager for less who is younger," adding that she would not have a job by January 13, 2017. (*Id.* at ¶ 27.) Garcia suffered a severe panic attack on January 26, 2017. (*Id.* at ¶ 29.) Nonetheless, Garcia continued to work for Defendants. (*Id.* at ¶ 28.) In February 2017, Sklar said to Garcia: "I feel like punching you in the face"; "I'm leaving before I kill you"; and "I am not going to lose money because of a fucking Dominican bitch." (*Id.* at ¶¶ 30–31, 33.) After the last comment, Sklar demanded that Garcia come into his office and then blocked the door when she attempted to leave. (*Id.* at ¶ 33.) Throughout her employment, Sklar also repeatedly told Garcia: "I am not paying you to play with yourself"; "I

am not paying you to jerk off"; "you would be treated very well if I got a blow job every morning"; and "you're a disgusting bitch." (*Id.* at ¶ 18.)

Garcia alleges that she was constructively discharged on March 27, 2016. (*Id.* at ¶ 36.)

## II. Legal Standard

A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit. *See* Fed. R. Civ. P. 55(a). Once a party is in default, "a district court must accept as true all of the factual allegations of the non-defaulting party," and if appropriate, may enter a default judgment based on those well-pleaded allegations if sufficient to establish a defendant's liability. *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)). But because a party in default does not admit conclusions of law, a district court must first "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (alterations in original).

To secure a default judgment for damages, the plaintiff must produce evidence sufficient to establish damages with "reasonable certainty." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 235 (2d Cir. 2012) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). District courts have "much discretion" to determine whether to hold an inquest on damages; an inquest is not mandatory, and a plaintiff's damages may be established by "detailed affidavits and documentary evidence." *Id.* at 234 (quoting *Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993)).

## III. Discussion

Garcia alleges three broad categories of claims: (1) discrimination, and (2) retaliation, and (3) other related state and municipal claims.

3

### A. Discrimination Claims (First, Third, Seventh, Eighth, Eleventh, and Fifteenth Causes of Action)

Garcia alleges discrimination on the basis of race, age, and gender in violation of federal, state, and municipal law. Specifically, she asserts claims under Title VII of the Civil Rights Act, 42 U.S.C. §2000e *et seq.*; 42 U.S.C. § 1981; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a); the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107 *et seq.* Her claims under Title VII, § 1981, the ADEA, and the NYSHRL are all subject to the same analytical framework. *See Wheeler v. Bank of New York Mellon*, 256 F. Supp. 3d 205, 213 (N.D.N.Y. 2017) (ADEA and Title VII); *Bowen-Hooks v. City of New York*, 13 F. Supp. 3d 179, 210 n.19 (E.D.N.Y. 2014) (Title VII, § 1981, and NYSHRL). Plaintiff's NYCHRL claim, however, must be "reviewed 'independently from and more liberally than' [her] federal or state discrimination claims." *Ben–Levy v. Bloomberg L.P.*, 518 F. App'x 17, 19–20 (2d Cir. 2013) (quoting *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009)).

Consequently, the Court's discrimination analysis starts with Garcia's federal and state claims. The factual allegations in the Complaint, taken as true, establish Defendants' liability for discrimination on the basis of race.

In the context of an alleged discriminatory discharge, "a plaintiff must show that (1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to the inference of discrimination." *Ruiz v. Cty. of Rockland*, 609 F.3d 486, 491–92 (2d Cir. 2010).

Here, Garcia alleges (1) membership in a protected class (Latina) (Compl. ¶ 102) and (2) that she was qualified for her position. (Compl. ¶ 15–16.) As to the third element, Plaintiff relies on a constructive discharge theory of adverse employment action. (Compl. at ¶ 36.) "A constructive discharge occurs when an employer 'intentionally create[s] an intolerable work atmosphere that force[s the plaintiff] to quit involuntarily.'" *Dall v. St. Catherine of Siena Med. Ctr.*, 966 F. Supp. 2d 167, 177 (E.D.N.Y. 2013) (quoting *Andersen v. Rochester City Sch. Dist.*, 481 F. App'x. 628, 632 (2d Cir.2012)). Whether a work environment is intolerable is assessed objectively from the perspective of a reasonable employee. *See id.* The Court concludes that Sklar's alleged physical abuse, including his punching Garcia in the face with a closed fist, satisfies the test for constructive discharge. (Compl. at ¶ 22.) Fourth, and finally, Plaintiff has adequately alleged circumstances giving rise to an inference of discrimination: Sklar's alleged racial slurs are sufficient to satisfy this element. *See, e.g.*, *Poliard v. Saintilus Day Care Ctr., Inc.*, No. 11 Civ. 5174, 2013 WL 1346238, at *3 (E.D.N.Y. Mar. 7, 2013), *report and recommendation adopted*, No. 11 Civ. 5174, 2013 WL 1346398 (E.D.N.Y. Apr. 2, 2013) (inferring discriminatory motive based on "plaintiff's allegations regarding her supervisor's negative comments about Haitian employees").

Because Garcia has established liability on her federal and state race discrimination claims, she has satisfied the more liberal NYCHRL standard *a fortiori*. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). In addition, because Defendant Sklar allegedly exercised supervisory responsibility over Garcia (Compl. at ¶ 13), she is entitled to judgment on her claim for supervisory liability under § 8-107(13)(b) of the NYCHRL. *See* N.Y.C. Admin. Code § 8–107(13)(b); *Erasmus v. Deutsche Bank Americas Holding Corp.*, No. 15 Civ. 1398, 2015 WL 7736554, at *8 (S.D.N.Y. Nov. 30, 2015).

For the same reasons, Garcia has adequately alleged discrimination on the basis of gender. Defendant Sklar's slurs were not only race-based, but also demonstrated gender-based hostility: for example, he said, "I am not paying you to jerk off"; "You're a disgusting bitch"; and "You would be treated very well if I got a blow job every morning." (Dkt. No. 1 ¶ 18.) Garcia has not established liability, however, on her ADEA claim. The ADEA protected class encompasses employees who are forty years of age or older. *See Woodman v. WWOR-TV, Inc.*, 411 F.3d 69, 80 (2d Cir. 2005). The Complaint here is devoid of allegations as to Plaintiff's age. Therefore, her ADEA discrimination claim fails.

B.  **Retaliation Claims (Second, Fourth, Sixth, and Ninth Causes of Action)**

Garcia asserts retaliation claims under Title VII, the ADEA, the NYSHRL, and the NYCHRL.

The Court starts with the Title VII, ADEA, and NYSHRL claims for retaliation because they are analyzed under the same framework. *See Augustine v. Cornell Univ.*, No. 14 Civ. 7807, 2015 WL 3740077, at *4 (S.D.N.Y. June 15, 2015) (Title VII and NYSHRL); *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 110 (2d Cir. 2010) (Title VII and ADEA).

"In order to establish a *prima facie* case of retaliation, a plaintiff must establish '(1) she engaged in protected activity; (2) the employer was aware of this activity; (3) the employee suffered a materially adverse employment action; and (4) there was a causal connection between the alleged adverse action and the protected activity.'" *Bowen-Hooks*, 13 F. Supp. 3d at 221 (quoting *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013)). Here, Garcia has failed to allege that she engaged in any protected activity. Therefore, her retaliation claims fail.

Garcia's NYCHRL claim fails for the same reason, even though NYCHRL claims are generally construed more liberally. *See Mihalik*, 715 F.3d at 112 ("[T]o prevail on a retaliation

claim under the NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." (internal citations omitted)).

### C. Other State and Municipal Claims

#### 1. Aiding and Abetting Discrimination (Fifth and Twelfth Causes of Action)

Garcia alleges that Defendant Sklar is liable in his individual capacity under the NYSHRL and NYCHRL for aiding and abetting unlawful discrimination.[1]

Defendant Sklar is liable in his individual capacity under the NYSHRL. The NYSHRL provides that "[i]t shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." N.Y. Exec. Law § 296(6). "It is the employer's participation in the discriminatory practice which serves as the predicate for the imposition of liability on others for aiding and abetting." *Colon v. City of New York*, No. 16 Civ. 4540, 2018 WL 1565635, at *4 (S.D.N.Y. Mar. 26, 2018) (quoting *DeWitt v. Lieberman*, 48 F. Supp. 2d 280, 293 (S.D.N.Y. 1999)).

Sklar's discriminatory actions count as actions of Garcia's "employer" for two, independently sufficient reasons: (1) Defendant Sklar had an ownership interest in the relevant corporate entities (Compl. at ¶¶ 11, 13), *see Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (2006); and (2) Defendant Sklar, while directly supervising Garcia, "actually participate[d] in the conduct giving rise to [the] discrimination." *Feingold*, 366 F.3d at 157 (quoting *Tomka*, 66 F.3d

---

[1] Garcia also brought this claim against defendant Victor Robbins. (Dkt. No. 1.) However, she fails to mention Defendant Robbins in her motion for default judgment. (Dkt. No. 25.)

7

at 1317). Therefore, Sklar is individually liable for aiding and abetting employment discrimination under state law.

"The same standards of analysis used to evaluate aiding and abetting claims under the NYSHRL apply to such claims under the NYCHRL because the language of the two laws is 'virtually identical.'" *Feingold*, 366 F.3d at 158 (quoting *Dunson v. Tri–Maintenance & Contractors, Inc.,* 171 F. Supp. 2d 103, 113–114 (E.D.N.Y. 2001)). Again, "the NYCHRL makes actionable a broader range of conduct than do its state and federal counterparts"; since Garcia prevails on her NYSHRL claim, her NYCHRL claim necessarily succeeds as well. *Johnson v. City of New York*, No. 16 Civ. 6426, 2018 WL 1597393, at *13 (E.D.N.Y. Mar. 31, 2018).

### 2. Gender-Motivated Violence (Fourteenth Cause of Action)

Garcia claims that Defendants violated the New York City Gender-Motivated Violence Act ("GMVA").

The GMVA provides that "any person claiming to be injured by an individual who commits a crime of violence motivated by gender as defined in section 8-903 of this chapter, shall have a cause of action against such individual." N.Y.C. Admin. Code § 8-904. A "crime of violence" is defined as "an act or series of acts that would constitute a misdemeanor or felony . . . whether or not those acts have actually resulted in criminal charges, prosecution or conviction." N.Y.C. Admin. Code § 8-903(a). The Code specifies that a "crime of violence motivated by gender" is "a crime of violence committed because of gender or on the basis of gender, and due, at least in part, to an animus based on the victim's gender." N.Y.C. Admin. Code § 8-903(b).

Thus, "[a] plaintiff is required to establish the following elements in support of [a GMVA] claim: (1) the alleged act constitutes a misdemeanor or felony against the plaintiff; (2) presenting a serious risk of physical injury; (3) that was perpetrated because of plaintiff's gender;

8

(4) in part because of animus against plaintiff's gender; and (4) resulted in injury." *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429, 455 (S.D.N.Y. 2018).

Here, as in *Hughes*, Garcia fails to adequately allege "gender specific animus." *Id.* ("Even if [plaintiff's] sexual harassment and *quid pro quo* discrimination [were] motivated by her gender, the Complaint is devoid of facts demonstrating that [defendant's] actions were also motivated . . . by 'feelings of animosity and malevolent ill will' against women."); *see also id.* (collecting cases where GMVA claims were dismissed for failure to plead gender animus). The absence of such allegations as to Sklar's motivation are fatal to Garcia's GMVA claim.

### 3. Interference with a Protected Right (Tenth Cause of Action)

Garcia claims that Defendants interfered with her protected rights in violation of municipal law. *See* N.Y.C. Admin. Code § 8-107(19) (making it unlawful "for any person to coerce, intimidate, threaten or interfere with . . . any person in the exercise or enjoyment of . . . any right granted or protected pursuant to [Section 8-107]"). "Threats are required to state a claim for violation of Admin Code § 8–107(19)." *Nieblas-Love v. New York City Hous. Auth.*, 165 F. Supp. 3d 51, 78 (S.D.N.Y. 2016) (quoting *Sletten v. LiquidHub, Inc.*, No. 13 Civ. 1146, 2014 WL 3388866, at *5 (S.D.N.Y. July 11, 2014)). A "threat" is a "denunciation to a person of ill to befall him [or her]" or an "indication of impending danger or harm." *United States v. Davila*, 461 F.3d 298, 302 (2d Cir. 2006).

Garcia has adequately alleged that Defendant Sklar threatened her: He said, "I feel like punching you in the face" (Compl. at ¶ 30), and "I'm leaving before I kill you" (Compl. at ¶ 31). In light of Sklar's comments indicating racial and gender-based hostility, Garcia has established a sufficient nexus between these threats and her enjoyment of rights under the NYCHRL. *Cf. Nieblas-Love v. New York City Hous. Auth.*, 165 F. Supp. 3d 51, 78 (S.D.N.Y. 2016) (requiring "some evidence suggesting that . . . threats were made 'to coerce, intimidate, threaten or

interfere' with Plaintiff's exercise of a protected right to survive summary judgment on § 8-107(19) claim). Garcia has adequately alleged that Defendants interfered with her enjoyment of her right to a workplace free of race and gender discrimination by threatening her with physical harm.

### 4. Assault and Battery (Thirteenth Cause of Action)

Garcia alleges that Defendant Sklar committed assault and battery against her.

Under New York law, "[a]n assault 'is an intentional placing of another person in fear of imminent harmful or offensive contact.'" *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (quoting *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993)). "To plead a cause of action to recover damages for assault, a plaintiff must allege intentional physical conduct placing the plaintiff in imminent apprehension of harmful contact." *Thaw v. N. Shore Univ. Hosp.*, 12 N.Y.S.3d 152, 155 (App. Div. 2d Dep't 2015) (quoting *Gould v. Rempel*, 951 N.Y.S.2d 677, 678 (App. Div. 2d Dep't 2012)).

"'A 'battery' is an intentional wrongful physical contact with another person without consent.'" *Girden*, 262 F.3d at 203 (quoting *United Nat'l Ins. Co.*, 994 F.2d at 108). "To establish a battery, a plaintiff must prove that (1) the defendant made bodily contact, (2) the contact was harmful or offensive, (3) the defendant intended the contact, and (4) the plaintiff did not consent to the contact." *Wright*, 2017 WL 253486, at *6 (citing *Naughright v. Weiss*, 826 F. Supp. 2d 676, 685 (S.D.N.Y. 2011)).

In April 2016, Sklar allegedly slammed Garcia's laptop on her fingers, punched her with a closed-fist, and dragged her by her shirt collar. (Compl. at ¶ 22.) Garcia's allegations of intentional punching and dragging her by her collar satisfy the elements of assault and battery, and she is entitled to default judgment on this claim.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED IN PART and DENIED IN PART. Specifically, default judgment is granted on Garcia's race and gender discrimination claims under federal, state, and municipal law; her claims for aiding and abetting discrimination and supervisory liability; her claim for interference with a protected right; and her assault and battery claims. Default judgment is denied as to all other claims.

The matter is referred to Magistrate Judge Barbara C. Moses for an inquest on damages.

The Clerk of Court is directed to close the motion at Docket Number 24.

SO ORDERED.

Dated: August 16, 2018
       New York, New York

                                                J. PAUL OETKEN
                                           United States District Judge